| | |
|---|---|
| **WO** | SC |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

John Hibbard,　　　　　　　　　　)　　No. CV 09-1373-PHX-MHM (LOA)
　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　)　　**ORDER**
　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
Joseph Arpaio,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　)
　　　　　　　　　　　　　　　　　)

Plaintiff John Hibbard, who is confined in the Lower Buckeye Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. (Doc.# 1, 3.) The Court will order Defendant Arpaio to answer Counts I and II of the Complaint and will dismiss the remaining claim.

**I.　　Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $16.07. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.　　Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against

a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Further, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

**III.     Complaint**

In his three-count Complaint, Plaintiff sues Maricopa County Sheriff Joseph Arpaio. In each count, he alleges a violation of his Fifth, Eighth, and Fourteenth Amendment rights. Plaintiff seeks injunctive, compensatory, and punitive relief.

In Count I, Plaintiff claims that Arpaio sets policy and directs his staff to feed pretrial detainees only two meals per day. Plaintiff contends that the meals are small and of bad quality and lack necessary nutrition. Plaintiff further contends that while Arpaio allows detainees with money to possess commissary items in their cells, he will not allow detainees

1 without funds for commissary to save portions of the jail provided meals for consumption later in the day. Plaintiff alleges that Arpaio brags publicly that he does this to cause pain and suffering to inmates.

In Count II, Plaintiff asserts that Arpaio sets policy and directs his staff to overcrowd the intake/booking area at the Fourth Avenue Jail, where Plaintiff was held for 32 hours. He claims that the intake/booking cells in the Fourth Avenue Jail were designed to hold 10 detainees but were filled with "well over" 25 detainees, that there was no place to sit other than the floor that was wet from toilet overflow, the cell was never cleaned, and Plaintiff was not provided a mat or blanket.

In Count III, Plaintiff alleges that Arpaio's sets policies and encourages his staff to cause result in tortuous conditions of confinement. Plaintiff alleges that: he is denied adequate food; cold air blows on his bunk; "white noise" from the playing of televisions without programming for hours at night; limits mail to postcards; forces unconvicted detainees to wear clothing with the label "unsentenced," both in the jail and in court; and does not allow Plaintiff to clip his toenails. Plaintiff claims this constitutes punishment prior to a conviction and is contrary to the presumption of innocence. Plaintiff further alleges that Arpaio forces male inmates to wear pink clothing to imply they are effeminate or to humiliate them.

**IV.   Failure to State a Claim**

A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Fourteenth Amendment Due Process Clause rather than from the Eighth Amendment prohibition against cruel and unusual punishment. Bell v. Wolfish, 441 U.S. 520, 535 (1979). Nevertheless, the same standards are applied, requiring proof that the defendant acted with deliberate indifference. See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff's allegations in Count III are insufficient to state claim because Plaintiff has failed to show a constitutional deprivation. "It cannot be said that all . . . conditions . . . , even if discomforting or undesirable, amount to deprivations of constitutional dimensions . . . . [A] federal court is not the proper forum for challenging or changing every

1 aspect of the harsh realities of confinement unless conditions cannot be tolerated under the
2 Constitution." Thomas v. Smith, 559 F. Supp. 223, 224 (W.D.N.Y. 1983) (citing Griffin v.
3 Smith, 493 F. Supp. 129, 131 (W.D.N.Y. 1980)). Plaintiff's allegations that he is required
4 to wear pink clothing, is not able to clip his toenails, has cold air blowing on his bunk, must
5 use postcards for mail, and white noise are night do not rise to the level of constitutional
6 violations.[1] Moreover, Plaintiff has proffered merely vague and conclusory allegations that
7 Defendant Arpaio has a policy of instructing or encouraging his employees to cause
8 suffering. See Iqbal, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of
9 action, supported by mere conclusory statements, do not suffice."). Count III will be
10 dismissed for failure to state a claim.

**V.    Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has stated a claim in Counts I and II. The Court will require Defendant to respond to those counts.

**VI.    Warnings**

**A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.    Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy

---

[1] Plaintiff's allegations regarding inadequate food are redundant of Count I.

of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**. (Doc.# 3.)

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $16.07.

(3)     Count III is **dismissed** without prejudice.

(4)     Defendant Arpaio must answer Counts I and II.

(5)     The Clerk of Court must send Plaintiff a service packet including the Complaint, this Order, and both summons and request for waiver forms for Defendant Arpaio.

(6)     Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(8)     The United States Marshal must retain the Summons, a copy of the Complaint,

1  and a copy of this Order for future use.

2  (9) The United States Marshal must notify Defendants of the commencement of
3  this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
4  Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The
5  Marshal must immediately file requests for waivers that were returned as undeliverable and
6  waivers of service of the summons. If a waiver of service of summons is not returned by a
7  Defendant within 30 days from the date the request for waiver was sent by the Marshal, the
8  Marshal must:

9  (a) personally serve copies of the Summons, Complaint, and this Order upon
10  Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

11  (b) within 10 days after personal service is effected, file the return of service
12  for Defendant, along with evidence of the attempt to secure a waiver of service of the
13  summons and of the costs subsequently incurred in effecting service upon Defendant.
14  The costs of service must be enumerated on the return of service form (USM-285) and
15  must include the costs incurred by the Marshal for photocopying additional copies of
16  the Summons, Complaint, or this Order and for preparing new process receipt and
17  return forms (USM-285), if required. Costs of service will be taxed against the
18  personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil
19  Procedure, unless otherwise ordered by the Court.

20  (10) **A Defendant who agrees to waive service of the Summons and Complaint**
21  **must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

22  (11) Defendant must answer the Complaint or otherwise respond by appropriate
23  motion within the time provided by the applicable provisions of Rule 12(a) of the Federal
24  Rules of Civil Procedure.

25  (12) Any answer or response must state the specific Defendant by name on whose
26  behalf it is filed. The Court may strike any answer, response, or other motion or paper that
27  does not identify the specific Defendant by name on whose behalf it is filed.

28  (13) This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to

1 | Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as
2 | authorized under 28 U.S.C. § 636(b)(1).

DATED this 16th day of July, 2009.

_____
Mary H. Murguia
United States District Judge