| | |
|---|---|
| WO | **JWB** |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Hibbard,<br><br>    Plaintiff,<br><br>vs.<br><br>Joseph Arpaio,<br><br>    Defendant. | No. CV 09-1373-PHX-MHM (LOA)<br><br>**ORDER** |

Plaintiff John Hibbard brought this civil rights action under 42 U.S.C. § 1983 against Maricopa County Sheriff Joseph Arpaio (Doc. # 1). Arpaio moved to dismiss Plaintiff's Complaint for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA) (Doc. # 8). Plaintiff responded, and Arpaio replied (Doc. ## 10, 11). The Court will grant Arpaio's motion and dismiss this action without prejudice.

**I.    Background**

Plaintiff's claim stems from his incarceration at the Lower Buckeye Jail in Phoenix, Arizona (Doc. # 1 at 1). In Count I of his Complaint, Plaintiff alleged he received only two meals per day (id. at 3). Further, Plaintiff claimed that the meals he did receive were typically rotten, stale, and lacking in appropriate nutrition (id.). Plaintiff alleged that Arpaio boasted about serving insufficient meals to inmates and also directed his staff to search inmates and seize any stored food. And in Count II, Plaintiff claimed that the intake area of the jail was extremely overcrowded (id. at 4). Plaintiff alleged he was held in the intake area for hours with over twenty-five people (id.). Plaintiff claimed that he could not sit because

there were not enough seats and the floor was wet from the overflow of the toilet. Plaintiff alleged that the intake area was never cleaned and he was not provided a mat or blanket (id.). Plaintiff further alleged that Arpaio is responsible for the conditions at the jail. The Court ordered Arpaio to answer Counts I and II of the Complaint, and he filed a Motion to Dismiss (Doc. # 8).[1]

In his motion, Arpaio contends that Plaintiff failed to exhaust his administrative remedies as required by the PLRA, 42 U.S.C. § 1997e(a) (id.). In support, Arpaio submits (1) the affidavit of Sergeant Susan Fisher, (2) a copy of the Maricopa County Sheriff's Office Inmate Grievance Procedure, Policy DJ-3, (3) an excerpt from the Rules and Regulations for Inmates, and (4) a copy of an inmate grievance form (id., Exs.).[2] Fisher, a Sergeant assigned to the Inmate Hearing Unit, attests that her search of the grievance records reflect that Plaintiff did not file any grievances related to the claims presented in his Complaint (id., Ex. 1, Fisher Aff. ¶¶ 7, 10). Fisher also attests that upon arrival at the jail, inmates are provided a copy of the grievance procedure and grievance forms reference the sequential steps of the grievance process (id. ¶¶ 4-5). Fisher further asserts that Plaintiff's claims regarding meals and overcrowding are grievable issues under Maricopa County policy (id. ¶ 9).

The Court issued an Order informing Plaintiff of his obligation to respond and the evidence necessary to successfully rebut Arpaio's contentions (Doc. # 9).[3] In response, Plaintiff argues that 42 U.S.C. § 1997e(b) mandates that Arpaio's motion to dismiss be denied (Doc. # 10 at 1-2). Further, Plaintiff claims that he tried on numerous occasions to submit grievances, but was told his issues were not grievable (id. at 3). Plaintiff also alleges

---

[1] Count III was dismissed for failure to state a claim (Doc. # 4 at 5).

[2] Policy DJ-3 describes the jail's grievance process: (1) the inmate submits a grievance form to a detention officer; (2) if the officer cannot resolve the issue, the grievance is forwarded to the shift supervisor; (3) if the shift supervisor cannot resolve the problem, the grievance is forwarded to the hearing officer; (4) the hearing officer's decision may be appealed to the jail commander via an Institutional Grievance Appeal; and (5) the jail commander's decision may be appealed to an External Referee by filing an External Grievance Appeal (Doc. # 8, Ex. 1, Attach. A at 2-9). The External Referee's decision is final and concludes the grievance procedures (id. at 9).

[3] Notice required under Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003).

that various detention officers, including Noble, Crock, Straub, and Requejo, routinely refuse to accept completed grievance forms. As a result, Plaintiff asserts that the grievance procedure was not available to him for the issues in his Complaint, and Arpaio's motion must be denied (id. at 3-4).

In his reply, Arpaio argues that § 1997e(b) is inapplicable to this action because it is undisputed that the Maricopa County Jails has a grievance procedure in place (Doc. # 11 at 1-2). Arpaio further contends that Plaintiff received and signed for a copy of the Rules and Regulations for Inmates, which contains a copy of the grievance procedure. Arpaio maintains that the grievance procedure expressly allows grievances related to conditions of confinement, which form the basis of Plaintiff's claims. Arpaio acknowledges that security concerns sometimes prevents inmates from submitting grievances, but only temporarily. And, at times, detention officers ask inmates to wait to submit their grievances to the Supervisor on his or her grievance walks, which occur three times per day. Arpaio also argues that there is no record of Plaintiff ever complaining about lack of access to the grievance procedure. Finally, Arpaio asserts that Plaintiff's failure to provide any specific allegation or evidence that he was prevented from exhausting does not overcome Arpaio's evidence that Plaintiff failed to exhaust. In support of his reply, Arpaio submits (1) a copy of Plaintiff's signature acknowledging receipt of the Rules and Regulations for Inmates, (2) the declaration of Lieutenant John Noble, (3) the Rules and Regulations for Inmates, and (4) a Notice regarding completed grievances (id., Exs.).

## II. Exhaustion Legal Standard

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit with respect to prison conditions under § 1983 unless all available administrative remedies have been exhausted. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 548 U.S. 81, 92 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered

through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 216 (2007). Defendant bears the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

## III. Analysis

As stated, Arpaio bears the burden of proving lack of exhaustion and therefore must demonstrate that there were remedies available to Plaintiff. See Wyatt, 315 F.3d at 1119; Brown, 422 F.3d at 936-37. Arpaio maintains that Plaintiff failed to file any grievances regarding meals and overcrowding in the Maricopa County Jails. Plaintiff does not dispute that he failed to file grievances. Plaintiff first incorrectly claims that § 1997e(b) bars Arpaio's Motion to Dismiss. Arpaio correctly notes, however, that § 1997e(b) is inapplicable to this action because it is undisputed that a grievance procedure exists at the jail.

Plaintiff also claims that he was told his claims were not grievable, thereby rendering the grievance process "unavailable." Plaintiff's argument is unavailing because his contention that he was unable to file grievances is not supported by any degree of specificity to inform the Court exactly what transpired to prevent him from fully exhausting his claims. Indeed, it is directly contradicted by Arpaio's evidence that grievances on inmates' conditions of confinement are expressly permitted (Doc. # 8, Ex. 1, Attach. A at 1). Moreover, Plaintiff's vague assertion that he attempted to file grievances but could not is explained by Arpaio's evidence that grievances are accepted only by supervisors (Doc. # 11, Ex. 2-B). Plaintiff does not provide any *specific* information regarding when he attempted to grieve his claims or how he was prevented from doing so, which prevents the Court from concluding that no administrative remedies were available. See Wyatt, 315 F.3d at 1119-20 (court may resolve disputed issues of fact in a motion to dismiss for failure to exhaust).

In sum, Arpaio has presented specific evidence that a grievance procedure existed at the jail for the issues raised in Plaintiff's Complaint. In contrast, Plaintiff has merely presented a generalized response without any evidentiary support. Consequently, the Court concludes that Arpaio has demonstrated that Plaintiff failed to exhaust available remedies with respect to his claims of insufficient and spoiled meals and overcrowding in the Maricopa County Jails.

**IT IS ORDERED:**

(1)  The reference to the Magistrate Judge is **withdrawn** as to Arpaio's Motion to Dismiss (Doc. # 8).

(2)  Arpaio's Motion to Dismiss (Doc. # 8) is **granted.**

(3)  This action is dismissed without prejudice for failure to exhaust. The Clerk of Court is directed to enter judgment accordingly.

DATED this 16th day of December, 2009.

_____
Mary H. Murgia
United States District Judge